NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL EDVY,<br><br>           Plaintiff,<br><br>  v.<br><br>STATE POLICE TROOPER LOUIS C. IACUZIO, *et al.*,<br><br>           Defendants. | Civil Action No. 24-06996 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court upon Plaintiff Michael Edvy's Motion for Default Judgment (ECF No. 6) and Defendant Louis Iacuzio's Cross Motion to Vacate the Entry of Default (ECF No. 9). The parties each filed oppositions to the Motions. (ECF Nos. 10 & 11.) The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Cross Motion to Vacate the Entry of Default is **GRANTED** and Plaintiff's Motion for Default Judgment is **DENIED** as moot.

**I.    BACKGROUND**

      The Complaint alleges that on June 17, 2022, Defendant Iacuzio and other unidentified law enforcement officials went to Plaintiff's home after receiving a call from Plaintiff's work. (ECF No. 1 ¶ 8.) When law enforcement arrived at Plaintiff's home, they "banged on Plaintiff's front door and demanded of Plaintiff's father . . . that Plaintiff come outside of the home." (*Id.* ¶ 9.)

Subsequently, law enforcement "dragged Plaintiff some distance from the house, questioned Plaintiff, and denied Plaintiff access to clothing, shoes, and medication." (*Id.*) Once outside, law enforcement examined Plaintiff's eyes, conducted a walking test, and performed a breathalyzer test. (*Id.* ¶ 10.) Plaintiff claims that even though he "blew a .04" on the breathalyzer, which he characterizes as "well within any legal limit," he was nevertheless "arrested, handcuffed, and detained." (*Id.*) Law enforcement "seized and incarcerated" Plaintiff "in excess of three hours." (*Id.* ¶ 12.) Plaintiff was charged with driving under the influence (DUI). (*Id.* ¶ 13.) The DUI charges were eventually "withdrawn . . . [and] Plaintiff [pled] guilty to reckless driving and having an open container." (*Id.*)

On June 13, 2024, Plaintiff initiated this action against Defendant and "Defendant troopers/officers John/Jane Does #1-3." (*Id.* ¶ 3.) The Complaint asserts two causes of action, both of which are brought under 42 U.S.C. § 1983: (1) Fourth Amendment illegal trespass, search and seizure, and false arrest; and (2) Fourth Amendment malicious prosecution. (*Id.* at 5-8.[1]) On August 8, 2024, Plaintiff filed an affidavit of service, indicating that the Complaint was served on August 5, 2024.[2] (ECF No. 4.) The affidavit indicates that the Complaint was left with "S[e]rgeant King Badge # 7122" at the State police station in Hamilton, New Jersey. (*Id.*; ECF No. 9-3 at 2.)

On October 13, 2024, Plaintiff filed a request for an entry of default against Defendant Iacuzio. (ECF No. 5.) The certification in support of Plaintiff's request states that "[p]ursuant to Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff caused the Summons and Complaint to be served personally on Defendant, Louis C. Iacuzio on August 5, 2024." (*Id.* at 4.)

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Additionally, the certification indicates that "a copy of the Summons and Complaint [were] mailed by priority mail to Defendants on June 13, 2024" to the Hamilton station. (*Id.* at 9-11.) On October 15, 2024, the Clerk's Office entered a default as against Defendant Iacuzio. (ECF No. 5.)

Following the entry of default, Plaintiff filed the instant Motion for Default Judgment on October 27, 2024. (ECF No. 6.) On November 7 and 8, 2024, appearances were entered on behalf of Defendant Iacuzio. (ECF No. 7 & 8.) On November 18, 2024, Defendant Iacuzio filed the Cross Motion to Vacate the Entry of Default and opposition to Plaintiff's Motion for Default Judgment. (ECF Nos. 9 & 10.)

## II. LEGAL STANDARD

Under Rule 55(a), a Plaintiff may request that the clerk of court enter default as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once a default has been entered, the Plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself—under Rule 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, the court "does not favor entry of defaults and default judgments." *United States v. Thompson*, Civ. No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Following an entry of default, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages."

3

*DirecTV*, 2006 WL 680533, at *1. However, "[t]he Court need not accept the moving party's legal conclusions, because [e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (citation and internal quotation marks omitted).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction, (2) the defendant was properly served, (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. T.J. LLC*, Civ. No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, Civ. No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015)).

In addition, the court must evaluate three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (same). If these factors weigh in favor of the moving party, the court may grant a default judgment. In the context of motions to vacate default, courts balance these same three factors. *See Gentile Concrete, Inc. v. L&L Red-Mix, Inc.*, Civ. No. 21-20515, 2022 WL 2753460, at *2 (D.N.J. July 14, 2022) ("The same standard is used when determining whether to enter default judgment under Rule 55(b) or set aside an entry of default under Rule 55(c)."); *Jones v. Remington Lodging & Hosp., LLC*, Civ. No. 23-20805, 2024 WL 4626404, at *1-2 (D.N.J. Oct. 30, 2024) (balancing (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether

the default was the result of the defendant's culpable conduct and finding that the factors favored vacating entry of default).

When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider whether the entry of default should be vacated before considering whether default judgment is appropriate. *See, e.g.*, *Gentile Concrete, Inc.*, 2022 WL 2753460, at *2-5 (considering motion to vacate entry of default before competing motion for default judgment); *Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (finding that "[b]ecause the [e]ntry of [d]efault is vacated, [the] [p]laintiff's [m]otion to [e]nter [d]efault [j]udgment is denied as moot").

## III. DISCUSSION

Defendant argues that the entry of default should be vacated because (1) service was defective and (2) good cause exists to deny Plaintiff's Motion and grant Defendant's Cross Motion to Vacate. (ECF No. 9-1 at 9.) Even if the Court accepts that service was proper, the Court finds good cause to vacate the entry of default. This is so because (1) Defendant has raised a meritorious defense, (2) Plaintiff would not be prejudiced if the Court were to vacate the entry of default, and (3) Defendant does not appear culpable in the default. *See Jones*, 2024 WL 4626404, at *1-2.

As to the first factor, Defendant has raised the defense of qualified immunity. Courts in this District have recognized that "the defense of qualified immunity[] . . . is a potentially meritorious complete defense to [a] [p]laintiff's civil rights claims under 42 U.S.C. § 1983," thereby warranting the vacating of the entry of default. *El v. Atl. City Freeholders*, Civ. No. 22-6281, 2024 WL 4132420, at *3 (D.N.J. Sept. 10, 2024); *see Ianuale v. Borough of Keyport*, Civ. No. 16-9147, 2017 WL 3503332, at *3 (D.N.J. Aug. 16, 2017) (finding that the defendant's assertion of qualified immunity, "coupled with general factual denials," was sufficient to present

a meritorious defense). Here, Defendant asserts that he "had probable cause to search and seize . . . Plaintiff, which is further supported by Plaintiff's admission in the complaint that after the incident, he pled guilty to reckless driving and having an open container." (ECF No. 9-1 at 15.) The United States Court of Appeals for the Third Circuit has recognized that "a guilty plea—even one for a lesser offense—does not permit a later assertion of no probable cause" to sustain a § 1983 claim. *Walker v. Clearfield Cnty. Dist. Att'y*, 413 F. App'x 481, 483 (3d Cir. 2011). Because Defendant has presented specific facts supporting a potentially meritorious defense, *see Wyndham Hotels and Resorts, LLC v. Rhonda & Sons, Inc.*, Civ. No. 10-02868, 2011 WL 831940, at *2 (D.N.J. Mar. 1, 2011), and because Defendant need only show "that the defense[] [is] 'litigable' . . . , not that [it] would necessarily prevail at trial," *Jones*, 2024 WL 4626404, at *1, the first factor weighs in favor of vacating the entry of default.

     As to the second factor, a plaintiff is prejudiced when vacating the entry of default would result in "a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *3 (D.N.J. Aug. 9, 2013); *see Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). In other words, "courts consider whether relevant evidence has been lost or if the plaintiff's ability to pursue their claim has been affected by the passage of time." *Notte v. New Sushi LLC*, Civ. No. 22-6394, 2025 WL 209694, at *3 (D.N.J. Jan. 16, 2025). Here, Plaintiff asserts that he will be prejudiced "by having to expend in excess of ten hours of attorney fees on this matter." (ECF No. 11 at 4.) But as courts in this district have found, the expenditure of attorneys' fees "are not the types of prejudice contemplated by Rule 55(c)." *Clear Emp. Servs. v. Seth Transp. II, Inc.*, Civ. No. 18-16914, 2019 WL 13032139, at *2 (D.N.J. Aug. 23, 2019). Therefore, because Plaintiff has failed to demonstrate prejudice, this factor weighs in favor of

vacating the entry of default.

Finally, "[t]he third factor considers whether a defendant is culpable in the default—*i.e.*, whether the defendant 'acted willfully or in bad faith.'" *Parra v. Delia's Rest. LLC*, Civ. No. 21-10645, 2023 WL 2917302, at *2 (D.N.J. Apr. 12, 2023) (quoting *Feliciano*, 691 F.2d at 657). "To show this, '[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown.'" *Jones*, 2024 WL 4626404, at *2 (quoting *Westpark Elecs. LLC v. EDealer LLC*, Civ. No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023)). Here, Defendant asserts that his failure to timely respond was due to Plaintiff serving Sergeant King at the Hamilton station where Defendant was no longer assigned. (ECF No. 9-1 at 17.) Further, "[w]hen [Defendant] learned of the lawsuit, he immediately submitted a request for legal representation to the Office of the Attorney General." (*Id.*) Given these assertions and the promptness by which Defendant entered an appearance after the Clerk's entry of default, less than thirty (30) days, the Court does not find that Defendant acted willfully or in bad faith. *See Stone Trading Int'l SRL v. Stone-Tech Fabrications, Inc.*, Civ. No. 21-20625, 2022 WL 16895501, at *3 (D.N.J. Oct. 31, 2022) (finding a lack of bad faith when entry of appearance was entered less than 60 days after entry of default judgment). Therefore, the Court finds that factor three weighs in favor of vacating the entry of default.

Because all three factors weigh in favor of vacating the entry of default, the Court will grant Defendant Iacuzio's Motion and vacate the entry of default as against him and will deny Plaintiff's Motion as moot. *See Stathum v. Nadrowski*, Civ. No. 15-5502, 2016 WL 7411428, at *2 (D.N.J. Dec. 22, 2016) ("The decision to vacate a default is left to the sound discretion of the district court.")

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Cross Motion to Vacate the Entry of Default (ECF No. 9) is **GRANTED** and Plaintiff's Motion for Default Judgment (ECF No. 6) is **DENIED** as moot. An appropriate Order follows.

Dated: March 18, 2025

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

8